```
                              FILED
                    CLERK, U.S. DISTRICT COURT

                           8/20/2025

                  CENTRAL DISTRICT OF CALIFORNIA
                  BY:    E.C.         DEPUTY
```

**(UNDER SEAL)**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>RICHARD JAMES MAPP,<br>　aka "Slim,"<br><br>　　　　Defendant. | No. 8:25-cr-00161-MRA<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1591(a)(1),(b)(1): Sex Trafficking by Threat of Force, Fraud, and Coercion; 18 U.S.C. § 2421(a): Transportation of an Individual in Interstate Commerce for Prostitution and Criminal Sexual Activity; 18 U.S.C. § 1952(a)(3)(A): Use of a Facility in Interstate Commerce in Furtherance of Prostitution; 18 U.S.C. § 1956(a)(1)(B)(i): Money Laundering; 18 U.S.C. §§ 981(a)(1)(C), 982, 1594(d), and 2428 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1591(a)(1), (b)(1)]

　　Beginning in or around December 2020, and continuing until in or around September 2023, in Orange and Los Angeles Counties, within the Central District of California, and elsewhere, defendant RICHARD JAMES MAPP, also known as "Slim," in and affecting interstate and

1  foreign commerce, knowingly recruited, enticed, harbored,
2  transported, provided, obtained, and maintained by any means, an
3  individual, namely, an adult victim identified as Victim 1, knowing
4  and in reckless disregard of the fact that threats of force, and
5  means of fraud and coercion, as defined in Title 18, United States
6  Code, Section 1591(e)(2), and any combination of such threats and
7  means, would be used to cause Victim 1 to engage in a commercial sex
8  act.

COUNT TWO

[18 U.S.C. § 1591(a)(1), (b)(1)]

Beginning in or around December 2020, and continuing until in or around January 2024, in Orange and Los Angeles Counties, within the Central District of California, and elsewhere, defendant RICHARD JAMES MAPP, also known as "Slim," in and affecting interstate commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, an individual, namely, an adult victim identified as Victim 2, knowing and in reckless disregard of the fact that threats of force, and means of fraud and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such threats and means, would be used to cause Victim 2 to engage in a commercial sex act.

COUNT THREE

[18 U.S.C. §§ 2421(a), 2(b)]

On or about December 7, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant RICHARD JAMES MAPP, also known as "Slim," knowingly transported and willfully caused to be transported individuals, namely, an adult victim identified as Victim 1 and an adult victim identified as Victim 2, in interstate commerce, from the State of Arizona to the State of California, with the intent that Victim 1 and Victim 2 engage in prostitution.

COUNT FOUR

[18 U.S.C. §§ 2421(a), 2(b)]

On or about May 24, 2021, in Orange County, within the Central District of California, and elsewhere, defendant RICHARD JAMES MAPP, also known as "Slim," knowingly transported and willfully caused to be transported an individual, namely, an adult victim identified as Victim 3, in interstate commerce, from the State of Nevada to the State of California, with the intent that Victim 3 engage in prostitution.

COUNT FIVE

[18 U.S.C. §§ 2421(a), 2(b)]

On or about June 10, 2021, in Orange County, within the Central District of California, and elsewhere, defendant RICHARD JAMES MAPP, also known as "Slim," knowingly transported and willfully caused to be transported an individual, namely, an adult victim identified as Victim 4, in interstate commerce, from the State of Missouri to the State of California, with the intent that Victim 4 engage in prostitution.

COUNT SIX

[18 U.S.C. §§ 2421(a), 2(b)]

On or about June 10, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant RICHARD JAMES MAPP, also known as "Slim," knowingly transported and willfully caused to be transported an individual, namely, an adult victim identified as Victim 5, in interstate commerce, from the State of Nevada to the State of California, with the intent that Victim 5 engage in prostitution.

COUNT SEVEN

[18 U.S.C. §§ 2421(a), 2(b)]

On or about October 6, 2023, in Orange County, within the Central District of California, and elsewhere, defendant RICHARD JAMES MAPP, also known as "Slim," knowingly transported and willfully caused to be transported individuals, namely, an adult victim identified as Victim 1 and an adult victim identified as Victim 2, in interstate commerce, from the State of Arizona to the State of California, with the intent that Victim 1 and Victim 2 engage in prostitution.

## COUNT EIGHT

[18 U.S.C. §§ 1952(a)(3), 2]

Beginning in or around December 2020, and continuing to in or around January 2024, in Orange and Los Angeles Counties, within the Central District of California and elsewhere, defendant RICHARD JAMES MAPP, also known as "Slim," knowingly and intentionally used, aided and abetted the use of, and willfully caused the use of, facilities in interstate commerce, that is, the internet and a cell phone, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, namely, a business enterprise involving prostitution, pimping, and pandering, in violation of California Penal Code sections 647(b), 266h, and 266i, and thereafter performed, and aided and abetted and willfully caused the performance of, acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of that unlawful activity, in that defendant caused victims, including adult victims identified as Victim 1, Victim 2, Victim 3, Victim 4, and Victim 5, to engage in prostitution and supervised, directed, and collected the proceeds of that prostitution.

COUNTS NINE THROUGH THIRTEEN

[18 U.S.C. §§ 1956(a)(1)(B)(i), 2]

A.   INTRODUCTORY ALLEGATIONS

1.   At times relevant to this Indictment:

a.   Navy Federal Credit Union ("NFCU") was a financial institution, the deposits of which were insured by the National Credit Union Administration.

b.   Defendant RICHARD JAMES MAPP, also known as "Slim," maintained a personal bank account at NFCU with an account number ending in -1708 (the "NFCU Account").

c.   Beginning at an unknown time, but no later than in or around December 2020 and continuing through at least in or around January 2024, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendant MAPP acted as a "pimp" (a person who befriended, recruited, trained, and pandered a person for prostitution) to promote and manage sex trafficking of victims.

d.   Defendant MAPP would use social media and online dating websites convince victims to travel to California.  In some cases, defendant MAPP would convince victims to travel to California by telling victims they could work for him as private models.  In other cases, defendant MAPP would convince victims that he intended to enter into romantic relationships with them.

e.   Once the victims traveled to California, defendant MAPP would persuade, induce, and cause the victims to engage in prostitution and commercial sex acts.  Defendant MAPP would arrange the sex transactions and negotiate the price of the sex transactions directly with the buyers.

  f. After defendant MAPP had arranged a commercial sex transaction, defendant would provide the victims with the negotiated terms of the transaction, including which specific sex acts they were to engage in with the buyers and time limits for the transaction. Defendant MAPP would set the price for the prostitution and commercial sex acts and instruct the victims to collect payment either in cash or through peer-to-peer payment platforms.

  g. At various intervals during the victims' commercial sex work, defendant MAPP would (i) collect the cash proceeds of the victims' prostitution and commercial sex acts and deposit those proceeds into the NFCU Account; (ii) instruct the victims to deposit the cash proceeds of their prostitution and commercial sex acts into the NFCU Account; or (iii) instruct the victims to provide the cash proceeds of their prostitution and commercial sex acts to another individual, who would deposit the cash proceeds into the NFCU Account.

  h. Defendant MAPP would also instruct the victims to transfer payments they received through peer-to-peer payment platforms directly to his accounts on those platforms so that the payments could be deposited into the NFCU Account.

  i. Defendant MAPP would use the NFCU Account to pay for, among other things, (1) an apartment in Irvine, California used for commercial sex transactions, and (2) flights for the victims to travel from various states to Orange and Los Angeles Counties to engage in further prostitution and commercial sex acts, and (3) hotel rooms that would be used for prostitution and commercial sex acts.

  j. Defendant MAPP's purpose in having the cash proceeds first deposited into the NFCU Account and then using the NFCU

Account, rather than cash, to make such payments and purchases was to disguise and conceal the fact that the funds used for the payments and purchases were the illegal proceeds of prostitution and commercial sex acts.

      k.    Between approximately January 2020 and December 2024, defendant MAPP caused at least $742,441.66 in illegal prostitution and commercial sex proceeds to be deposited into the NFCU Account.

B.    MONETARY TRANSACTIONS

    2.    On or about the dates set forth below, in Orange and Los Angeles Counties, within the Central District of California, defendant MAPP and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly conducted and willfully caused to be conducted the following monetary transactions, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, and which property was, in fact, the proceeds of specified unlawful activities, namely, Use of a Facility in Interstate Commerce in Furtherance of a Prostitution Enterprise, in violation of Title 18, United States Code, Section 1952(a)(3), and Pimping, in violation of California Penal Code Section 266h, and knowing that the transactions were designed in

//
//
//
//
//
//

whole and in part to conceal and disguise the nature, location, source, ownership, and control of such proceeds:

| Count | Date | Monetary Transaction |
|---|---|---|
| NINE | 12/1/2021 | Deposit of $2,900 in cash proceeds of prostitution into the NFCU Account at a NFCU branch in Fountain Valley, California |
| TEN | 2/8/2022 | Deposit of $1,790 in cash proceeds of prostitution into the NFCU Account at a NFCU branch in Fountain Valley, California |
| ELEVEN | 3/25/2022 | Deposit of $2,910 in cash proceeds of prostitution into the NFCU Account at a NFCU branch in Fountain Valley, California |
| TWELVE | 8/22/2022 | Deposit of $3,540 in cash proceeds of prostitution into the NFCU Account at a NFCU branch in Hawthorne, California |
| THIRTEEN | 10/12/2022 | Deposit of $1,523 in cash proceeds of prostitution into the NFCU Account at a NFCU branch in Fountain Valley, California |

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 1594(d) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 1594(d), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in either of Counts One or Two of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) Any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such violation, and any property traceable to such property;

(b) Any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of such violation, or any property traceable to such property; and

(c) In the event such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof

14

(a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 981(a)(1)(C) and 2428, and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 2428, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Three through Seven of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

    (a) All right, title, and interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of any such offense;

    (b) All right, title, and interest in any property, real or personal, constituting or derived from any proceeds obtained directly or indirectly from any such offense; and

    (c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond

the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Eight of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION FOUR

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of the defendant's conviction of the offenses set forth in any of Counts Nine through Thirteen of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) Any property, real or personal, involved in such offense, and any property traceable to such property; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but did not retain the property in the

1 course of the money laundering offense unless the defendant, in
2 committing the offense or offenses giving rise to the forfeiture,
3 conducted three or more separate transactions involving a total of
4 $100,000.00 or more in any twelve-month period.

                                                A TRUE BILL

                                                /S/
                                                Foreperson

BILAL A. ESSAYLI
Acting United States Attorney

*Christina Shay* (signature)

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

MARK P. TAKLA
Assistant United States Attorney
Chief, Orange County Office

GREGORY S. SCALLY
Assistant United States Attorney
Deputy Chief, Orange County Office

KRISTIN N. SPENCER
Assistant United States Attorney
Orange County Office